UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENSON MILLS INC., <br><br> Plaintiff, <br><br> v. <br><br> LESONG DENG, <br><br> Defendant. | CASE NO. 2:21-CV-1467-DWC <br><br> ORDER GRANTING MOTION TO SERVE BY ELECTRONIC MAIL |

On October 28, 2021, Plaintiff filed this copyright infringement action alleging Defendant Lesong Deng infringed on Plaintiff's copyrighted "Twinkle Web" design. *See* Dkt. 1, 5. On March 25, 2022, Plaintiff Benson Mills, Inc. filed a Motion Requesting Leave to Serve Defendant Lesong Deng by Electronic Mail. Dkt. 7. After consideration of the relevant record, the Motion (Dkt. 7) is granted.

**I.   Factual Background**

Defendant is a resident of China. Dkt. 5, ¶ 2. Plaintiff's counsel sent letters -- including copies of the Summons, the Amended Complaint, Exhibits A-M to the Amended Complaint, and the Report on the filing of an Action regarding Copyright -- to Defendant's known addresses.

Dkt. 8, Kolter Dec., ¶ 3. FedEx tracking shows an update of "Shipment Refused by recipient" and UPS tracking shows "unable to deliver." *Id*. Plaintiff and Defendant have been communicating through electronic mail (e-mail). *See* Dkt. 8, Kolter Dec.; Dkt. 8-2 – 8-7. Plaintiff now seeks the Court's permission to serve Defendant through e-mail. Dkt. 7.

## II. Discussion

Service of process on an individual—or any corporation, partnership, or other unincorporated association, *see* Fed. R. Civ. P. 4(h)(2)—outside the United States is governed by Federal Rule of Civil Procedure 4(f). Plaintiff seeks an order permitting service under Federal Rule of Civil Procedure 4(f)(3), which must be (1) directed by the court, and (2) not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In reviewing Rule 4(f)(3), the Ninth Circuit found that "[n]o other limitations are evident from the text." *Id*. Rule 4(f) does not "create a hierarchy of preferred methods of service of process" and, "court -directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Id.* at 1015. Under Rule 4(f)(3), a method of service must also comport with constitutional notions of due process and must not violate any international agreement. *Id.* at 1015, 1016. A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016. However, in effectuating

service of process under Fed.R.Civ.P. 4(f)(3), a plaintiff must obtain prior court approval for the alternative method of service. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004).

Here, Plaintiff asserts that service through email is not prohibited by international agreement and comports with due process because it is reasonably calculated to inform Defendant of the impending action. *See* Dkt, 7.

First, numerous courts have allowed alternative service by electronic communications to defendants located in China. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co*., 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (collecting cases). As a result, the Court finds Plaintiff's proposed method of service by e-mail is not expressly prohibited by international agreement.

Second, the Court finds Plaintiff's proposed method of service by e-mail comports with due process in this case. The evidence shows Plaintiff does not have a valid address upon which to serve Defendant. When Plaintiff's counsel attempted to mail Defendant copies of the Summons, the Amended Complaint, Exhibits A-M to the Amended Complaint, and the Report on the filing of an Action regarding Copyright to Defendant's known addresses, the letters were unable to be delivered. Dkt. 8, Kolter Dec., ¶ 3. Defendant conducts business through the internet, has been communicating with Plaintiff through e-mail, and has acknowledged this lawsuit. *See* Dkt. 8 – 8-7; 10 – 10-2. Moreover, there is some evidence Defendant is attempting to evade service. *See* Dkt. 8, Kolter Dec., ¶ 9. For these reasons, Plaintiff has shown service through e-mail will give Defendant sufficient notice and opportunity to respond.

As service by e-mail is not expressly prohibited by international agreement and comports with due process in this case, the Court finds service via e-mail is appropriate.

### III. Conclusion

For the above stated reasons, Plaintiff's Motion (Dkt. 7) is granted. Defendant Lesong Deng may be served by e-mailing copies of the Summons and Amended Complaint to Defendant's e-mail addresses as follows: 0309love912@gmail.com, poorewed@163.com, and xingchun.duan@gmail.com by no later than May 16, 2022.

Dated this 9th day of May, 2022.

David W. Christel
United States Magistrate Judge