HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENSON MILLS, INC.,

    Plaintiff,

    v.

LESONG DENG,

    Defendant.

Case No. 2:21-cv-01467-RAJ

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

### I.  INTRODUCTION

This matter is before the Court on Plaintiff's motion for default judgment. Dkt. # 19. For the reasons below, the Court **GRANTS** the motion.

### II.  BACKGROUND

Plaintiff Benson Mills, Inc. ("Benson Mills") filed this action against Defendant Lesong Deng in the United States District Court for the Western District of Washington for copyright infringement, 17 U.S.C. §§ 101, et seq. Plaintiff alleges that Defendant illegally marketed and sold tablecloths incorporating designs that are substantially similar to those of Benson Mills' "Twinkle Web," "Harvest Legacy" and "Poinsettia Legacy" copyrighted designs (the "Benson Mills' Works"). The Amended Complaint attaches copies of registration certificates or printouts confirming the issuance of the same for the Benson Mills Works. (Dkt. 5 ¶ 8.) The Amended Complaint alleges that Defendant has filed over 40 fraudulent takedown notices with Amazon in the past year, falsely claiming

ORDER – 1

that Benson Mills' products infringed Defendant's supposed copyright. (Dkt. 5 ¶¶ 18, 22-27; Kolter Decl. ¶13.) Although Plaintiff has served Defendant, he has not appeared in this action. (Dkt. 13.)

### III. LEGAL STANDARD

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although the entry of default judgment under Rule 55(b) is "an extreme measure," disfavored cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014). In determining damages, a court can rely on the declarations submitted by the plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Since deciding for or against default judgment is within the court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc.*,

ORDER – 2

33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014).

## IV.   DISCUSSION

### A.   Default Judgment

In exercising its discretion on a motion for default judgment, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims and the sufficiency of the claims raised in the complaint; (2) the possibility of prejudice to the plaintiff if relief is denied; (3) the sum of money at stake; (4) the possibility of a dispute concerning material facts and whether the default was due to excusable neglect; and (5) the strong policy favoring decisions on the merits when reasonably possible.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together.  *Curtis*, 33 F. Supp. 3d. at 1211.

#### 1.   Merit and sufficiency of allegations for copyright infringement

Plaintiff seeks relief under the Copyright Act for copyright infringement. To prevail on a copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 US 340 (1991). Once a default is entered against a party, all allegations other than damages are presumed to be true. *Geddes v. United Financial Gr*oup, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff's allegation that Defendant's infringement was willful is also taken as true. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (allegation of willfulness deemed admitted on default). Plaintiff's complaint, the allegations of which must be taken as true, establishes these elements.

Plaintiff has valid and enforceable rights in the "Benson Mills Works," registered with the United States Copyright Office, Reg. Nos. VA-223-779, VA-2-268-214, VA-2-267-724. Defendant has directly, indirectly and/or contributorily infringed Plaintiff's rights by copying and distributing or permitting, facilitating and materially contributing to the infringement of Plaintiff's exclusive rights under the Copyright Act as alleged in

ORDER – 3

the Amended Complaint, thereby causing Plaintiff economic harm. This infringement has been willful.

**2.    Prejudice**

Turning to the issue of prejudice, the Court finds this too weighs in favor of default judgment. Although Defendant was properly served with Plaintiff's Complaint, he failed to plead or otherwise defend. As a result, Plaintiff's claim cannot move forward on the merits and their ability to obtain effective relief will be negatively impacted. *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 391 (C.D. Cal. 2005).

**3.    Sum of money at stake**

Rather than monetary damages, Plaintiff seeks an injunction under 17 U.S.C. § 502(a). That statute authorizes an injunction to "prevent or restrain infringement of a copyright." For the Court to grant a permanent injunction, a plaintiff must demonstrate that: (1) it has suffered irreparable injury; (2) the remedies available at law are inadequate; (3) a remedy in equity is warranted, considering the hardships imposed on the parties; and (4) a permanent injunction would not be contrary to the public interest. *See Reno Air Racing Assn v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006). Generally, an injunction must be narrowly tailored to remedy only the specific harms shown by a plaintiff, rather than to enjoin all possible breaches of the law. *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

Based on the allegations in the Complaint, Plaintiff has demonstrated that is entitled to permanent injunctive relief against Defendant. A plaintiff's loss of control over its business reputation due to a defendant's unauthorized use of its protected copyrights and trademarks during the pendency of an infringement action constitutes irreparable harm. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 840 (9th Cir. 2001). Because Plaintiff has shown that Defendant's conduct is ongoing, and has not stopped even after receiving DMCA notices. Accordingly, the Court finds that Defendant has the ability to further violate Plaintiff's intellectual property. *See eBay Inc. v.*

ORDER – 4

*MercExchange, LLC*, 547 U.S. 388, 391 (2006).  In addition, Benson Mills seeks a tailored injunction to enjoin Defendant from filing any notices or counter-notices under the DMCA asserting that any Benson Mills products incorporating designs previously registered by Benson Mills with the U.S. Copyright Office are violative of purported copyrights owned by Defendant.

Defendant by default has been found liable for infringement in the instant action and likely possess the means to continue infringement in the future, meeting the court's requirements for issuing such an injunction.

**4.     Possibility of dispute as to material facts and excusable neglect**

In assessing this factor, courts examine whether a defendant would be able to dispute material facts if it had appeared in the lawsuit.  *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017). Where a plaintiff has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment. *Curtis,* 33 F.Supp.3d 1200 at 1212 (citations and quotations omitted).  Furthermore, there is no evidence that Defendant's default resulted from any excusable neglect. Because Defendant was served with the complaint and summons and failed to appear, the Court finds the "excusable neglect" factor cuts in favor of granting default.  *Microsoft Corp. v. Lopez*, 2009 WL 959219 at *3 (W.D. Wash. Apr. 7, 2009) (finding no evidence of excusable neglect where the plaintiff made numerous attempts to notify the defendant of potential liability and substantial time had elapsed since the complaint was filed). Furthermore, there is greater public interest in protecting the rights of copyright owners than in allowing an infringer to continue using the trademarked and copyrighted materials. *Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2001).

**5.     Policy Favoring Decisions on the Merits**

This factor reflects the general principle that cases should be decided on their

ORDER – 5

merits when it is reasonably possible to do so. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Although this factor "almost always disfavors the entry of default judgment," it is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, 2011 WL 1584424, at *6 (W.D. Wash. Apr. 27, 2011); *see also Microsoft*, 2009 WL 959219, at *3 ("[T]he mere existence of Fed.R.Civ.P. 55(b) indicates that this *Eitel* factor is not alone dispositive"). In this case, Defendant's bad faith and willful defiance demonstrates that it is unlikely that Plaintiff's claims can be resolved on their merits.

      **6**.    **Summary of *Eitel* Factors**

The *Eitel* factors support default judgment in this case. Plaintiff has no other recourse. The substantive claims have merit, and the complaint is sufficient.

      **B.**    **Attorney's Fees**

17 U.S.C. § 505 provides for an award of reasonable attorney's fees. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) (*citing McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir.1987)). District courts should consider the following nonexclusive actors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 614 (9th Cir. 2010); *see also Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S. Ct. 1023, 1033 n. 19 (1994).

Plaintiff's success is complete. The claims as deemed fully admitted are not frivolous. Plaintiff's motivation is to enforce its rights. The position of Defendant is deemed objectively unreasonable given his failure to advance any factual or legal arguments against Plaintiff's claims. *See Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1988-1989 (2016). Additionally, there is an express intent of the statute for costs and fees for the infringement such as conducted by Defendant.

ORDER – 6

To determine attorney's fees, the Court uses the "lodestar" method which involves multiplying the number of hours reasonably expended on the claim or motion by a reasonable hourly rate. *See, e.g.*, *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The Court finds the rates charged and the hours expended to be reasonable for the hours worked in Exhibit 6 to the Kolter Declaration. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). The Court will not award the additional fees not included in Exhibit 6.

In sum, the Court awards Plaintiff $18,496.07 in attorney fees and $402 in costs.

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment. Dkt. # 19.

DATED this 23rd day of May, 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7